■   CITIBANK, N.A., Appellant, v INDIANA & MICHIGAN ELECTRIC COMPANY, Respondent.—Order, Supreme Court, New York County, entered August 13, 1976, which denied appellant's motion for summary judgment, unanimously reversed, on the law, and summary judgment granted. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The essential facts are not in dispute in this matter. In 1971, a bank in Fort Wayne, Indiana, loaned $6,250,000 to a development corporation secured by a note and first mortgage on an all-electric high rise apartment complex located in that city. The appellant was a participant in that loan. The defendant, a public utility, entered into a letter agreement with the bank and the development corporation, which provided that in the event of default the defendant would purchase the property from the development corporation for an amount equal to that due on the note and mortgage. There was delivered to the bank an opinion by the general counsel (who was also an officer) of the holding company and owner of the utility, that no authorization or approval was necessary from any public body, etc. in connection with the agreement. There was default, and the property subject to the note was sold, and the net proceeds applied to reduce the indebtedness. The amount remaining is some $1,900,000, and the Fort Wayne Bank has assigned to the appellant its interest in the claim with respect thereto. The only defense to the motion for summary judgment is the contention by the defendant that its undertaking was void under subdivision b of section 26 of the Public Utility Holding Company Act of 1935 (US Code, tit 15,

§ 79z), and the Securities and Exchange Commission is looking into the question of whether there was a violation of the Federal regulatory provisions, as to which there has not yet been an administrative determination. The court at Special Term, recognizing that under subdivision c of section 26 of the 1935 act the rights of third parties dealing in good faith with those subject to the act are protected, and also being cognizant of the opinion of counsel stating that no prior agency approval was necessary, nonetheless was of the opinion that summary judgment should be denied, without prejudice to renewal after the Securities and Exchange Commission has rendered a determination, and providing good faith was established by appropriate proof, the advice of counsel being only one factor to be considered. Under this procedure, the satisfaction of a debt now overdue would be postponed indefinitely, and the matter held in limbo pending a ruling by a Federal agency which indeed may never reach a conclusion. Further, there were no issues of fact presented, and the defendant having received the full benefit of its agreement (see *Hadden v Consolidated Edison Co. of N.Y.,* 34 NY2d 88), summary judgment is here appropriate. Concur—Kupferman, J. P., Birns, Capozzoli and Lane, JJ.